UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA FOSS DBA HUNTER FOSS DESIGN,<br>    Plaintiff<br><br>V.<br><br>SPENCER BREWERY, ST. JOSEPH'S ABBEY, RUGGLES MEDIA, NORTHEASTERN UNIVERSITY, CUP OF JULIE SHOW, AND BIG EASTERN EXPOSITION,<br>    Defendants | CIVIL ACTION NO. |

## NOTICE OF REMOVAL[1]

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Spencer Brewery and Defendant St. Joseph's Abbey, both of which are misnomered, (the "Defendants"), by undersigned counsel, hereby remove to this Court a civil lawsuit filed in the Worcester Superior Court, Commonwealth of Massachusetts. As grounds for removal, Defendants state:

1. On July 11, 2018, plaintiff Cynthia Foss d/b/a Hunter Foss Design commenced an action in the Trial Court of Massachusetts, Worcester Superior Court, Case No. 1883CV00554 (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon the Defendants in the action, are attached to this notice collectively as Exhibit 1.

2. The Defendants were served with the summons and Complaint in this action no earlier than July 17, 2018. This notice is therefore timely under 28 U.S.C. § 1446(b), which

---

[1] No admission of law, fact or liability is intended or made by this Notice of Removal, and Defendants expressly reserve the right to assert all of their defenses, denials, objections, and/or counterclaims to Plaintiff's Complaint and each and every allegation thereof.

requires Defendants to file this Notice of Removal within thirty (30) days after service of the Complaint.

3. The Complaint alleges purported causes of action against the Defendants for alleged violations of federal copyright law, including 17 U.S.C. §§ [10]1-[1]11, of the United States Constitution, of the Massachusetts consumer protection statute, Massachusetts General Law Chapter 93A, and for common law tort claims.

4. Pursuant to 28 U.S.C. §1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

5. The Complaint seeks to hold the Defendants liable for alleged unauthorized use of Plaintiff's artistic work under federal law, specifically the Copyright Act.

6. Pursuant to 28 U.S.C. § 1338(a), "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights."

7. In addition, Plaintiff previously initiated a separate federal court action against some of the same defendants, including the undersigned Defendants, making essentially the same claims. The action remains pending in the U.S. District Court for the District of Massachusetts as Docket No. 4:18-cv-40011-TSH.

8. Counsel for the Defendants certify that a copy of this Notice of Removal is being filed with the Clerk of the Trial Court of Massachusetts, Worcester County Superior Court, and that written notice thereof shall be given to all adverse parties.

9. Defendants have conferred with Defendant Eastern States Exposition and Defendant Cup of Julie Show before filing this Notice of Removal. Upon information and belief, Defendant Ruggles Media and Defendant Northeastern University have not been served with the Complaint

WHEREFORE, Defendant Spencer Brewery and Defendant St. Joseph's Abbey hereby give notice that the above-entitled State Court Action, formerly pending in the Worcester Superior Court, Commonwealth of Massachusetts, has been removed to the Central Division of the United States District Court for the District of Massachusetts.

                SPENCER BREWERY and
                ST. JOSEPH'S ABBEY

                By their attorneys,

                /s/ Thomas J. Conte
                Thomas J. Conte, Esq.
                BBO #566092
                James P. Hoban, Esq.
                BBO #633929
                Alexandra N. Mansfield, Esq.
                BBO #697163
                Mirick, O'Connell, DeMallie & Lougee, LLP
                100 Front Street
                Worcester, MA 01608-1477
                Phone: (508) 791-8500
                Fax:   (508) 791-8502
                tconte@mirickoconnell.com
                jhoban@mirickoconnell.com
                amansfield@mirickoconnell.com

Dated: July 23, 2018

## CERTIFICATE OF SERVICE

I, Thomas J. Conte, Esq., hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 23, 2018.

/s/ Thomas J. Conte
Thomas J. Conte, Esq.

Dated: July 23, 2018

# EXHIBIT 1

**COMMONWEALTH OF MASSACHUSETTS**

WORCESTER, SS.

A TRUE COPY ATTEST
7/17/18
*[signature]*
DEPUTY SHERIFF

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT
CIVIL ACTION

No. 18-1048D

Cynthia Foss DBA Hunter Foss Design

Plaintiff (s)

v.

Spencer Brewery, et al

Defendant (s)

SUMMONS AND
ORDER OF NOTICE

To the above-named Defendant:   **Spencer Brewery**

You are hereby summoned and required to serve upon ...............Cynthia Foss DBA Hunter Foss Design............... plaintiff's attorney, whose address is .....9, Ansonia Road #B, Worcester, MA 01605.............. an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT at WORCESTER, either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WE ALSO NOTIFY YOU that application has been made in said action, as appears in the complaint, for a preliminary injunction and that a hearing upon such application will be held at the court house at said **Worcester** in the **"D" Courtroom 25** session without jury of our said court on **Thursday** the **19th** day of **July** A.D. 20**18** at **2:00PM** o'clock ~~A.M.~~, at which you may appear and show cause why such application should not be granted.

Witness, **Judith Fabricant** ~~[redacted]~~, Esquire, at Worcester, the **11th** day of **July** in the year of our Lord two thousand and **Eighteen**

*[signature]*
Clerk

NOTES:
1. This summons is issued pursuant to Rules 4 and 65 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

*[handwritten notation]*

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT

WORCESTER, ss.

Superior Court Civil Division

Docket#: 1885CV1048D

)
CYNTHIA FOSS DBA HUNTER FOSS DESIGN, )
   PLAINTIFF, )
)
V. )
)
SPENCER BREWERY, )
ST. JOSEPH'S ABBEY, )
RUGGLES MEDIA, )
NORTHEASTERN UNIVERSITY )
CUP OF JULIE SHOW, AND )
BIG EASTERN EXPOSITION, )
   DEFENDANT(S) )
)

**PLAINTIFF'S COMPLAINT**

**FILED**

JUL 11 2018

ATTEST: [signature] CLERK

[handwritten margin notes: "7-11-18 SGW to issue returnable", "7-19-18 @ 2:00 pm in Rm 2 (Connolly J)", "Attest: [signature] Asst Clerk"]

## COMPLAINT

NOW COMES, Cynthia Foss, the Plaintiff in the above-captioned matter, and hereby asserts as true the following pleadings, to wit, that:

### Parties:

1. The Plaintiff resides in Worcester, Massachusetts, and does business as Hunter Foss Design within the Commonwealth of Massachusetts. Hereafter, the Plaintiff shall be referred to within as ("Foss").

2. The Defendant, Spencer Brewery, does business as Spencer Brewery LLC, and is incorporated in Spencer, Massachusetts, Worcester County, and conducts business throughout the Commonwealth of Massachusetts, (hereinafter "Brewery").

3. The Defendant, St. Joseph's Abbey, does business as St. Joseph's Abbey, and is a non-profit organization, in Spencer, Massachusetts, Worcester County, and conducts business throughout the Commonwealth of

Massachusetts, (hereinafter "Brewery").

4. The Defendant, Ruggles Media, is a syndicate marketing program of Defendant Northeastern University, a Massachusetts non-profit university, and conducts business throughout the Commonwealth of Massachusetts, (hereinafter "Northeastern").

5. The Defendant Cup of Julie Show, is a syndicate marketing program of Defendant Big Eastern Exposition, does business in West Springfield, Massachusetts, Hampden County, and conducts business throughout the Commonwealth of Massachusetts, (hereinafter "Big E").

6. The Plaintiff, Cynthia Foss, is the Copyright Holder to original copyrighted graphic compositions, that were published in part to the Defendant Brewery, and released as single limited prints for public display, exclusively at Defendant Brewery and St. Joseph's Abbey's interior exhibit room called "Spencer Trappist Beer Experience at The Big E", expressly written by specifically limited terms of a contract.

7. The Plaintiff is the original graphic artist of all photographic-illustrative works at issue, commissioned by the Defendant Spencer and Abbey, and as an independent service provider, designer/publisher, who created original artwork for Defendants based on concept photography taken of the Abbey Refectory, in Spencer Massachusetts, on a monastic enclosure that is normally closed off to public viewing, with all leases written by contract or invoice.

8. She is also the Principal Operator, of Hunter Foss Design, a Massachusetts sole proprietorship since 1999, with principal place of business at 9 Ansonia Rd #B, Worcester, MA 01605, phone: (401) 924-4482, email: compliance@hunterfoss.com, (hereinafter "Foss").

9. Foss and Spencer Brewery entered into a written contract for services, executed by the parties on July 27, 2016. Said contract for due consideration enumerated by the terms of the contract with regards to compensation from Spencer to Foss for each and every additional use, reproduction, modification, performance, distribution or sale of the Plaintiff, Foss, copyrighted work. Said work will hereinafter be referred to within as "Refectory Long Stain Glass Wall." Said contract between the parties does not expressly nor impliedly create a work-for-hire exception to the Copyright protections of the Plaintiff as required by the U.S.

Copyright Act nor is the work one of nine exclusive categories required by law. *See generally*, *CCNV v. Reid*, 490 U.S. 730 (1989). 1989).

10. Under the terms of the duly executed contract between Foss and Spencer Brewery, Spencer Brewery purchased the use and display of Foss's copyrighted works for two shows at the Big E in September of 2016.

11. The Defendant, Spencer Brewery, breached the contract executed by the parties by using and modifying "the Refectory Long Stained Glass Wall' beginning on September 29, 2016.

12. Spencer Brewery breached the contract by modifying "the Refectory Long Stained Glass Wall" without permission of Foss as required by the terms of the contract in September 2016 and again in March of 2017.

13. Spencer Brewery breached the contract by using "the Refectory Long Stained Glass Wall" in an electronic display without compensating Foss or seeking her required permission under the contract repeatedly from September of 2016 until the present.

14. Spencer Brewery breached the contract by failing to submit to binding arbitration to settle this dispute as required by the terms of the parties agreement.10. The Plaintiff, Foss, satisfied the terms of the contract by specifically performing the services as contracted for by Spencer Brewery. Plaintiff created "the Refectory Long Stained Glass Wall" for Spencer Brewery to use at the Big E. The first sale of the work "the Refectory Long Stained Glass Wall" occurred on September 13, 2016 with the completion of "the Refectory Long Stained Glass Wall" and at that time Spencer Brewery had the right to display the work for the agreed upon price, which was paid for the single use of "the Refectory Long Stained Glass Wall."

15. Foss is the creator of the "Refectory Long Stained Glass Wall" and as such established and retained all intellectual property rights beginning on September 13, 2016 and continuing as per her copyright protection under Federal Law.

16. Defendant Spencer Brewery wilfully and knowingly infringed upon Foss's copyright protection under

USC and thus is liable for punitive damages.

17. Defendant(s) Spencer Brewery and The Big E tortuously interfered with the business relations of Foss by infringing on her exclusive use of "the Refectory Long Stained Glass Wall,' and by failing to mitigate damages once said infringement and interference with Plaintiff's contractually and statutorily protected intellectual property rights and business interests was brought to their attention by the Plaintiff beginning on or about March 1, 2017 and continuing until present day.

18. Defendant, The Big E, operates and is incorporated in Massachusetts as a commercial vendor primarily in West Springfield, Massachusetts.

19. The defendant Big E infringed upon the Plaintiff's constitutionally created individual property rights by profiting from the displaying and performance of her work, "the Refectory Long Stained Glass Wall" in September of 2016 and September of 2017 without authorization from, or compensation to, the plaintiff in violation of Article I, section 8, clause 8 of the United States Constitution and 17 U.S.C. sections 1-11.

20. As a commercial vendor, Big E had a duty of care to enforce licensing and intellectual property rights of its vendees and assigns and breached that duty by allowing the unauthorized use of the Plaintiff's protected works and by publishing on electronic media via the Cup of Julie show on social media and such breach caused the Plaintiff to lose her exclusive right to control the additional publications of her work in the amount of $5,000 per use.

21. The willful infringement and disregard of Plaintiff rights by the Big E constitutes an unfair and deceptive business practice by the Defendant Cup of Julie/Big E in violation of Massachusetts General Laws chapter 93A.

22. The Plaintiff, once becoming aware of the unauthorized use of her work by the Big E, contacted the Big E, in writing, on March 1, 2017, and made demand that Big E cease and desist their infringement and pay the Plaintiff for all use of her work. Said letter complies with the demand letter requirements of M.G.L. c.93A.

23. Defendant Cup Of Julie Show (Cup of Julie) is a Big E licensed social media show. On September 29, 2016, Cup of Julie/Big E infringed upon the intellectual property rights of the Plaintiff, by electronically copying to video tape, 23 clips of the artist's work and published her work on Facebook and subsequently YouTube, modifying her work, "the Refectory Long Stained Glass Wall" without permission from or compensation to the Plaintiff in violation of her copyright protections and said infringement caused the plaintiff damages.

24. Plaintiff Foss created "the Refectory Long Stained Glass Wall" in September of 2016, with first sale and display being on September 13, 2016, and thus claims ownership rights as of that date.

25. Plaintiff Foss, prior to this civil complaint, and in compliance with the United States Copyright Act of 1976, 17 U.S.C. sec. 411(a) and the Digital Millenium Copyright Act, did registrer her work, ""Spencer Trappist Beer Experience" Photo Illustrations Displayed in the Young Building at the Big E" with the United States Copyright Office, and paid the attendant registration fees on April 19, 2017.

26. The Defendant(s) willful use of the Plaintiff's work without permission or compensation constitutes tortious and malicious interference in the Plaintiff's commercial business interests in Hunter Foss Design and caused damage to the professional reputation of the Plaintiff Foss and caused Hunter Foss Design to lose customers and revenue.

27. The Defendants Spencer Brewery, the Big E, and Cup of Julie defamed with published false claims detrimental to the Plaintiff both in writing, constituting libel, and verbally, constituting slander, on or about September 29, 2016, March 31, 2017 and June 6, 2018 and thus caused the Plaintiff to lose revenue and professional status as an artist and marketing specialist.

28. Defendant Northeastern did violate the Plaintiff's intellectual property rights on or about February 23, 2017, by using the Plaintiff's work "Refectory Long Stain Glass Wall" and "Cross Wall" in two separate photos that was displayed and distributed electronically on their own website and on Northeastern's social media platforms. As such Northeastern usurped the property rights held solely by the Plaintiff in violation of common law and in violation of the Digital Millennium Copyright Act of 1998. Said violation of the Plaintiff's compulsory licenses required to use her artwork caused the Plaintiff damages in the amount of

$5,000 (five thousand dollars) per both unauthorized uses, for a total of $10,000 (ten thousand dollars).

29. The Plaintiff has expressed, in writing to Defendant(s) Spencer Brewery, Big E, and Cup of Julie, her interest in resolving this dispute with binding arbitration as called for in the executed contract between Plaintiff Foss and Defendant Spencer Brewery, to no avail. As such, damages continue to accrue to the Plaintiff due to the Defendant(s) further breach of contract and unlawful infringement of the Plaintiff's intellectual property rights by the Defendant(s).

### RELIEF:

WHEREFORE as compensatory damages due to the Defendant Spencer Brewery's breach of contract, the plaintiff Foss requests that this Honorable Court enter judgment for the breach of contract in the amount of $150,000.00 (One Hundred Fifty Thousand Dollars) as per the pricing specifications incorporated and referenced within the Parties contractual agreement. Pursuant to "Fair Market Value" of the Artwork's use without express authorization or compensation to Foss by Spencer Brewery and its assigns.

FURTHER, given the Defendant breach of contract the Plaintiff makes demand that this Court order Spencer Brewery to specifically perform as to the terms, spirit, and intent of the parties contract by the Defendant(s) purchasing the rights to the Artworks' Performance in Video, from the Artist, in the monetary amount now estimated at $161,964.79 including past due interest to the date the infringement was noticed.

FURTHER, Foss moves that this Honorable Court enter judgment in the amount of $25,000.00 for an "Any Media License" vacating the original license for "Print Media" for the additional Electronic Display Rights and Distribution Rights, for each additional year the Artwork will continue to be in use.

FURTHER, The Plaintiff Foss request that this Honorable Court enjoin the Defendant Spencer Brewery and its assigns from further use, modification, display, performance, reproduction, or sale of the Plaintiff's copyrighted works herein referred to as "the Refectory Long Stained Glass Wall."

FURTHER, Punitive damages for willful breach of contract, copyright infringement, and misrepresenting the Artist or Artwork commissioned from the Artist by the Defendant(s), pursuant to Mass. G.L. Chapter 93A,

should be ordered by the Court in the amount of $100,000.00 (One Hundred Thousand Dollars).

FURTHER, by this complaint Plaintiff pleads that this Honorable Court enter judgment against the Big E for compensatory damages in the amount of $63,500.00 (sixty-three thousand and five hundred dollars) and punitive treble damages to be paid by Big E in the amount of $189,500.00 (one hundred and eighty-nine and five hundred dollars) paid to the Plaintiff.

FURTHER, Plaintiff pleads that this Honorable Court order Defendant Cup of Julie to pay the Plaintiff $15,000.00 (fifteen thousand dollars) for infringement of copyright, malicious interference with contractual relations, and defamation as compensation to the Plaintiff.

FURTHER, Plaintiff asks that this Honorable Court order Defendant Northeastern University to pay compensatory damages in the amount of $10,000.00 (ten thousand dollars) to the Plaintiff Cynthia Foss.

FURTHER, as an alternative to trial, the Plaintiff Foss requests that this Honorable Court order the specific enforcement of the parties contract by ordering the Defendants to submit to binding arbitration by a mutually agreed upon arbitrator.

Plaintiff, with this Civil Complaint Hereby claims a trial by jury as per the Seventh Amendment to the United States Constitution and Article XXI of the Massachusetts Declaration of Rights.

The plaintiff, Cynthia Foss, hereby states she is currently a pro se litigant, witness my hand this 11th day, of July 2018, under penalty of perjury,

_____          7/11/2018
Cynthia A. Foss, Pro Se Litigant         Date
9 Ansonia Rd #B, Worcester, MA 01605
Cell: 401-924-4482 or Email: compliance@hunterfoss.com

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT

WORCESTER, ss.

Superior Court Civil Division
Docket#: 1885CV11048D

CYNTHIA FOSS DBA HUNTER FOSS DESIGN,
  PLAINTIFF,

v.

SPENCER BREWERY,
ST. JOSEPH'S ABBEY,
RUGGLES MEDIA,
NORTHEASTERN UNIVERSITY
CUP OF JULIE SHOW, AND
BIG EASTERN EXPOSITION,
  DEFENDANT(S)

**MOTION FOR INJUNCTIVE RELIEF**

FILED
JUL 11 2018
ATTEST: _____ CLERK

4*

*[handwritten margin notes: Attest Kingelly/Nasi Clerk; 7-11-18 SON to issue returnable 7-19-18 @ 3:00 pm in Rm 25 (Kingelly)]*

## MOTION FOR INJUNCTIVE RELIEF

NOW COMES, Cynthia Foss, the Plaintiff in the above-captioned matter, and hereby moves this Honorable Court to grant injunctive relief and other remedies in equity as deemed appropriate, to wit, enjoin the Defendants from further use of Plaintiff's unlicensed copyrighted graphic compositions for unathorized displays, reproduction, performances, or modifications, to sell and distribute Plaintiff's copyrighted works without a lawfully required expressed payment for a valid release of copyrights and to indemnify the Plaintiff for any releaseswhatsoever required in writing, but not obtained in writing.

As reasons therefore, the Plaintiff asserts that such injunctive relief is necessary to mitigate further damages and if not granted, a substantial likelihood of further damage does in fact exist. _Commonwealth of Massachusetts vs. Melendez,_ 423 Mass 167 (1987).

The Plaintiff, Cynthia Foss, hereby states she is currently a Pro Se Litigant, witness my hand this 11th day, of July 2018, under penalty of perjury,

Respectflly submitted,

_____          7/11/2018
Cynthia A. Foss, Pro Se Litigant                            Date
9 Ansonia Rd #B, Worcester, MA 01605
Cell: 401-924-4482 or Email: compliance@hunterfoss.com