UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| CYNTHIA FOSS d/b/a HUNTER FOSS DESIGN,<br>           Plaintiff,<br><br>       v.<br><br>SPENCER BREWERY, ST. JOSEPH'S ABBEY,<br>RUGGLES MEDIA, NORTHEASTERN UNIVERSITY,<br>CUP OF JULIE SHOW, and<br>BIG EASTERN EXPOSITION,<br>           Defendants. | CIVIL ACTION<br>18-40125-TSH |

**MEMORANDUM OF DECISION AND ORDER**
**March 19, 2019**

**HILLMAN, D.J.**

**Background**

Cynthia Foss ("Foss" or "Plaintiff"), proceeding *pro se*[1], has filed a Complaint against Spencer Brewery ("Spencer Brewery"), St. Joseph Abbey ("St. Joseph's"), Ruggles Media, Northeastern University, Cup of Julie ("Cup of Julie"), and the Big Eastern Exposition ("The Big

---

[1] Foss has filed multiple cases in this Court. For purposes of convenience and judicial efficiency, this Case has been consolidated with a related case, *Foss v. Spencer Brewery*, 18-40011-TSH, which is the lead case. Counsel has filed a notice of appearance for Foss in the lead case. Because under the Federal Rules of Civil Procedure these cases retain their separate identity, if counsel intends to represent Foss in this case, he must file a separate notice of appearance.

E") alleging claims for copyright infringement, tortious interference with business relations, defamation and violation of the Massachusetts Consumer Protection Act, Mass.Gen.L. ch. 93A. This Memorandum and Order of Decision addresses Defendant Eastern States Exposition's Motion To Dismiss (with prejudice) (Docket No. 8)[2]. For the reasons set forth below, that motion is granted.

## Discussion

### Standard of Review

The Big E and Cup of Julie have filed a motion pursuant to Fed.R.Civ.P. 12(b)(6) seeking dismissal of Foss's claims on the grounds that her allegations fail to state a claim upon which relief may be granted. On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm.*,

---

[2] Plaintiff has not properly identified the Defendants— the "Big Eastern Exposition" is actually Eastern States Exposition and "Cup of Julie" is not an independent legal entity. For purposes of this Memorandum of Decision and Order, in keeping with the Plaintiff's nomenclature, I will treat the motion to dismiss as having been brought by both "The Big E" and "Cup of Julie."

2

LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernàndez v. Fortuño-Burset,* 640 F.3d 1, 13 (1st Cir. 2011).

Factual Allegations

Foss is the Principal Operator, of Hunter Foss Design, a Massachusetts sole proprietorship since1999, with a principal place of business in Worcester, Massachusetts.[3] She is the original graphic artist of all photographic-illustrative works at issue, commissioned by Spencer Brewery and St. Joseph's, and as an independent service provider, designer/publisher, who created original artwork for them based on concept photography taken of the Abbey Refectory, in Spencer Massachusetts, on a monastic enclosure that is normally closed off to public viewing.

Foss and Spencer Brewery entered into a written contract for services, executed by the parties on July 27, 2016 ("Contract"). The Contract allegedly provided that Foss would be compensated by Spencer Brewery for each and every additional use, reproduction, modification, performance, distribution or sale of Foss's copyrighted work, hereinafter, referred to as the "Refectory Long Stain Glass Wall."

Foss alleges that she satisfied the terms of the Contract by creating the Refectory Long Stained Glass Wall for Spencer Brewery. The first sale of the work the Refectory Long Stained Glass Wall occurred on September 13, 2016. Spencer Brewery had the right to display the work for the agreed upon price on this one occasion. Foss as the creator of the Refectory Long Stained

---

[3] An entity, Hayward Industries, whom Foss sued in another case which has since effectively been dismissed (*Foss v. Hayward Industries*, 18-40065-TSH), proffered evidence that Hunter Foss Design was actually a corporation, which was dissolved by Foss in March 2010.

Glass Wall and as such established and retained all intellectual property rights beginning on September 13, 2016 and continuing as per her copyright protection under Federal Law. Foss alleges that Spencer Brewery willfully and knowingly infringed upon her copyright protection.[4]

The Big E operates and is incorporated in Massachusetts as a commercial vendor primarily in West Springfield, Massachusetts. Cup of Julie is a Big E licensed social media show. Under the terms of the Contract, Spencer Brewery purchased the use and display of Foss's copyrighted works for two shows at the Big E in September of 2016. Spencer Brewery is alleged to have breached the Contract by using and modifying the Refectory Long Stained Glass Wall beginning on September 29, 2016.  More specifically, Spencer Brewery breached the Contract in September 2016 and March 2017 by modifying the Refectory Long Stained Glass Wall without permission of Foss.  Additionally, Spencer Brewery breached the Contract by using the Refectory Long Stained Glass Wall in an electronic display without compensating Foss or seeking her required permission under the Contract repeatedly from September of 2016 until the present.[5]

Foss, once becoming aware of the unauthorized use of her work by The Big E, contacted The Big E, in writing, on March 1, 2017, and made demand that The Big E cease and desist their infringement and pay her for all use of her work. Foss alleges that both Spencer Brewery and The Big E tortuously interfered with her business relations by infringing on her exclusive use of the Refectory Long Stained Glass Wall, and by failing to mitigate damages once said infringement and interference with her contractually and statutorily protected intellectual

---

[4] Foss allegedly registered the work as "Spencer Trappist Beer Experience" with the United States Copyright Office, and paid the attendant registration fees on April 19, 2017.

[5] Curiously, despite filing this suit, Foss also alleges that Spencer Brewery breached the Contract by failing to submit to binding arbitration to settle this dispute as allegedly required by its terms.

property rights and business interests was brought to their attention by her beginning on or about March 1, 2017 and continuing until present day. Foss further alleges that The Big E infringed upon her constitutionally created individual property rights by profiting from the displaying and performance of her work, the Refectory Long Stained Glass Wall, in September of 2016 and September of 2017 without authorization from, or compensation to, her.  More specifically, Foss alleges that as a commercial vendor, The Big E had a duty of care to enforce licensing and intellectual property rights of its vendees and assigns and breached that duty by allowing the unauthorized use of her protected works and by publishing on electronic media via the Cup of Julie show on social media and such breach caused her to lose her exclusive right to control the additional publications of her work.

Foss further alleges that on September 29, 2016, Cup of Julie and The Big E infringed upon the intellectual property rights of the Plaintiff, by electronically copying to video tape, twenty-three clips of her work and publishing her work on Facebook and subsequently YouTube. She further alleges that these Defendants modified her work, the Refectory Long Stained Glass Wall without permission from or compensation to her.

Foss also claims that Spencer Brewery, the Big E, and Cup of Julie defamed her with published false claims detrimental to her in writing (constituting libel), and verbally (constituting slander), on or about September 29, 2016, March 31, 2017 and June 6, 2018, causing her to lose revenue and professional status as an artist and marketing specialist.

<u>Plaintiff's Claim for Defamation, Tortious Interference and Violation of Chapter 93A</u>

Little need be said about Plaintiff's claims for defamation, tortious interference, and violation of Chapter 93A.  Plaintiff's conclusory allegations fail to allege the essential elements of the torts of defamation, and tortious interference.  Moreover, Plaintiff has failed to allege any

facts which would support such claims against The Big E and Cup of Julie. Plaintiff's allegation that these Defendants engaged in unfair and deceptive acts and practices are nothing more than conclusory allegations which, without more, do not support a claim for violation of Chapter 93A. Additionally, for the reasons stated in these Defendants' supporting memorandum, all of Plaintiff's state law claims are likely preempted by the federal copyright law.  Therefore, these Defendants' motion to dismiss these claims is granted.

Plaintiff's Copyright Infringement Claims

Defendants assert that Plaintiff has failed to state a claim for violation of the United States copyright law because she did not have a valid copyright registration. More specifically, The Big E and Cup of Julie point out that Plaintiff alleges that she registered a work identified as "Spencer Trappist Beer Experience Photo Illustrations Displayed in the Young Building at the Big E" with the Copyright Office on April 19, 2017. However, she has failed to include a copy of any application for registration of this work, failed to allege that the statutorily required deposit of this work was made with the Copyright Office, and failed to allege that the Copyright Office registered or denied registration of this work.

I agree with these Defendants that Foss has not alleged sufficient facts to establish that she has a valid copyright registration in the work which is at issue in this case, the Refectory Long Stained Glass Wall. Plaintiff alleges that she filed a copyright application and paid the requisite fee.   However, until the Copyright Office has registered a copyright after examining a properly filed application, the copyright claimant cannot bring suit seeking to enforce ownership rights. *Fourth Estate Public Benefit Corp. v. Wall-Street.Com, LLC*, 2019 WL 1005829,  --- S.Ct. --- (Mar. 4, 2019).  Therefore, these Defendants' motion to dismiss Plaintiff's copyright

claim is granted. The dismissal as to the copyright infringement claim shall be without prejudice.

### Conclusion

Defendant Eastern States Exposition's Motion To Dismiss (with prejudice) (Docket No. 8) is ***granted***. Dismissal of Plaintiff's state law claims against these Defendants is with prejudice. Dismissal of Plaintiff's copyright infringement claim is without prejudice. Plaintiff shall have leave to file an amended complaint against these Defendants on or before April 16, 2019 stating a plausible claim for copyright infringement. More specifically, Plaintiff must allege sufficient facts to establish that at the time she filed suit, the Copyright Office had granted registration of a copyright in the work for which she is suing. If she fails to file the amended complaint by that date, her entire case against these Defendants shall be dismissed with prejudice. Upon the timely filing of an amended complaint, these Defendants shall have thirty (30) days to file an answer or renew their motion to dismiss as to the copyright infringement claim.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE