# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CYNTHIA FOSS d/b/a HUNTER FOSS DESIGN, <br> Plaintiff, <br><br> v. <br><br> SPENCER BREWERY, ST. JOSEPH'S ABBEY, <br> and EASTERN STATES EXPOSITION, <br> Defendants. | CIVIL ACTION <br> 18-40125-TSH |

## MEMORANDUM OF DECISION AND ORDER
### July 26, 2019

**HILLMAN, D.J.**

### Background

Cynthia Foss ("Foss" or "Plaintiff"), proceeding *pro se*, filed a Complaint against Spencer Brewery ("Spencer Brewery"), St. Joseph Abbey ("St. Joseph's"), Ruggles Media ("Ruggles"), Northeastern University ("Northeastern"), Cup of Julie Show ("Cup of Julie"), and Big Eastern Exposition ("The Big E") alleging claims for copyright infringement, tortious interference with business relations, defamation and violation of the Massachusetts Consumer Protection Act, Mass.Gen.L. ch. 93A. On March 19, 2019, I granted the motion to dismiss filed by Eastern States Exposition on behalf of The Big E and Cup of Julie (with prejudice as to her state law claims, but without prejudice as to her copyright infringement claims) (Docket No. 8).

*See* note 1, *infra*. On April 16, 2019, Foss filed an Amended Complaint against Spencer Brewery, St. Joseph's Abbey and Eastern States Exposition ("Eastern Exposition") alleging claims for copyright infringement.[1] On May 31, 2019, I granted the motion for judgment on the pleadings/motion to dismiss (Docket No. 25) filed by Spencer Brewery and St. Joseph's Abbey, and the motion to dismiss filed by Eastern Exposition (Docket No. 26). *See* Docket Entry No. 30. On July 31, 2019, Eastern Exposition filed a Bill of Costs (Docket No. 32), seeking reimbursement of costs in the amount of $1, 835.00. Foss did not file a motion for disallowance of costs. For the reasons set forth below, Eastern Exposition's Bill of Costs is *denied.*

## Discussion

Eastern Exposition has filed a Bill of Costs pursuant to F.R.C.P. 54(d) and 28 U.S.C. 1920. The awarding of costs is within the discretion of the court. *Osorio v. One World Techs., Inc.*, 834 F. Supp. 2d 20, 22 (D. Mass. 2011)("Although there is an underlying presumption favoring cost recovery for prevailing parties, a district court has broad discretion under Rule 54(d) to refuse to award fees.")

> Nevertheless, by defining the term 'costs' as used in Rule 54(d), Section 1920 constrains a court's power to determine which expense categories constitute taxable costs. Accordingly, any discretion accorded by Rule 54(d) is a negative one; courts have the power to decline to tax, as costs, the items enumerated in Section 1920, but they lack any discretion independent of the statute to tax other expenses as costs. There is a presumption favoring cost recovery for prevailing parties, and a court may not exercise its discretion to disallow a prevailing party's bill of costs without articulating reasons for doing so.

*Sharp v. Hylas Yachts, Inc.*, No. CV 11-11814-JCB, 2016 WL 10654435, at *1 (D. Mass. June 14, 2016).

---

[1] Plaintiff dropped Ruggles and Northeastern University and all state law claims against the remaining Defendants. Plaintiff also corrected her pleading to reflect that Cup of Julie is not an entity separate from Eastern Exposition which, rather than The Big E, is the party's proper name.

2

Pursuant to Section 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C.A. § 1920.

Eastern Exposition seeks reimbursement of costs as follows:

> 1. Filing fees: $400.00;
>
> 2. Removal fee: $400.00;
>
> 3. Postage incurred, including certified mail costs: $80.00;
>
> 4. Fee to register Eastern Exposition's copyright in work Foss alleged was infringed: $55.00;
>
> 5. Fee for special handling by U.S. Copyright Office in order to expedite registration: $800.00; and
>
> 6. Fee paid to U.S. Copyright Office in Order to obtain deposit copy and correspondence underlying Foss's registration: $424.00.

Foss, a *pro se* litigant, has not filed a motion for disallowance of Eastern Exposition's Bill of Costs. Nonetheless, the Court is not going to simply ignore the fact that with the exception of the $400 filing fee and the $400 removal fee, the costs requested by Eastern Exposition are not recoverable under Section 1920. Under the circumstances, I find that Eastern Exposition's Bill of Costs was not filed in good faith, but rather was filed with a punitive intent. For that reason, I am denying it in total.

## Conclusion

Eastern States Exposition's (Docket No. 32) Bill of Costs is ***denied***.

*/s/ **Timothy S. Hillman***
TIMOTHY S. HILLMAN
DISTRICT JUDGE